# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

RICARDO BOUTO,             )
                                 )
         Plaintiff,           )       No. 19 cv 2441
                                 )
             v.               )       Judge Robert M. Dow, Jr.
                               )       Magistrate Judge Susan E. Cox
REYNALDO GUEVARA, *et al.*,   )
                                 )
        Defendants.     )

## ORDER

This matter comes before the Court on Plaintiff's Motion for Entry of a Protective Order [45]. The parties dispute the terms of the proposed protective order as it relates to Complaint Register ("CR") files. While there is no dispute between the parties that the documents must be redacted if they are publicly disclosed because they contain personal information about witnesses and other individuals, the parties cannot agree on the scope of such redactions and mechanism for producing the CR files. The Defendant City of Chicago (the "City") proposes producing all of the voluminous CR files requested by Plaintiff in an unredacted form, but protected from public disclosure. According to the City's proposed protective order, the unredacted versions of the CRs would thus be covered as follows:

> **Par. 17:  Public Disclosure of Documents Designated "Confidential."**  This Order prohibits the disclosure of any document designated as a "confidential" subject to the limitations of Section 4(b).  Any party or counsel seeking to use or disclose confidential information for any reason other than for purposes of this litigation, including for public disclosure, will not use the documents designated as "Confidential" but shall instead comply with the requirements set forth under the Illinois Freedom of Information Act ("IFOIA"), 5 ILCS 140/et., to obtain the desired documents from the proper public body.

Plaintiff contends that the City should produce to them two versions of the CRs in question: a redacted version that complies with IFOIA, which he can disseminate to the public without further order of the Court, and an unredacted version which he can use for his purposes in the litigation. At its essence, Plaintiff's argument is that IFOIA makes these documents public. Plaintiff contends that he should not have to resort to the judicial IFOIA process if he can obtain the documents through the discovery process, thus the City does not have "good cause" for the protection it seeks. Conversely, the City argues that the redactions required for these documents is burdensome and that Plaintiff has no proper litigation purpose for short-circuiting the careful IFOIA review it would need to undertake before CR files could be publicly disseminated.

Courts in our district have differed on whether the requisite "good cause" exists to protect unredacted CRs in the fashion that the City proposes. *Compare Prince v. Kato*, 2019 WL 3554533, at *3-4 (N.D. Ill. July 30, 2019)(finding that City could produce CR files as confidential with limited redactions instead of IFOIA redactions), *and Bailey v. City of Chicago*, 19-cv-197, Dkt. 58 (N.D. Ill. June 12, 2019)(same), *and Mendez v. City of Chicago*, 18-cv-5560, Dkt. 80 (N.D. Ill. Apr. 3, 2019), *with Sierra v. Guevara*, 18-cv-3029, Dkt. 118 (N.D. Ill. June 7, 2019)(ordering production and dissemination of CR files with "the same redactions allowed under IFOIA"), *and Jackson v. City of Chicago*, 2017 WL 5478303, at *2 (N.D. Ill. Nov. 14, 2017). On balance, this Court agrees with those decisions which have found that preemptive IFOIA redactions are unduly burdensome, and good cause exists under Rule 26(c)(1) to protect a producing party from making IFOIA redactions before producing CR files. As such, the Court believes that the City's proposed language in the protective order is appropriate here.

Discovery is not a public process and documents obtained from it are not disseminated publicly until they are cited in a court filing. *See Bond v. Utreras*, 585 F.3d 1061, 1066 (7th Cir.

2009)("[T]here is no constitutional or common-law right of public access to discovery materials exchanged by the parties but not filed with the court. Unfiled discovery is private, not public.") The fact that these CRs may be obtained through the IFOIA process does not change that fact. Plaintiff is essentially requiring the City to treat their discovery requests as a request under IFOIA instead of pursuing such a request through the separate, dedicated judicial processes that already exists for IFOIA production. When questioned about this during oral argument, Plaintiff's counsel stated that such a request places too big a burden on Plaintiff due to the objections the City can raise to disclosure in IFOIA proceedings. In a way, this supports the City's argument concerning the burden imposed upon it by substituting a discovery request for one made pursuant to IFOIA. As the City points out, there are 37 IFOIA redaction categories which require a particular review usually done by specific City attorneys trained in IFOIA law. In addition, the Court is unpersuaded by Plaintiff's need to bypass the IFOIA process or require it to be done in the litigation process. Plaintiff argues that he needs to ensure the City's production is complete. Putting aside the fact that Plaintiff's counsel represents several other plaintiffs in many of the other cases involving many of the same defendants and substantially similar fact patters, Plaintiff has no need for IFOIA redacted copies to do this. Whether the production is complete will not be affected by the type of redactions the City makes in production, and under the City's proposal Plaintiff would receive CR files in unredacted form, allowing a fulsome review of the production for completeness. Plaintiff's professed need to use the documents in other cases also is unpersuasive. Plaintiff can move for a specific exception from the proposed order for such disclosure at a later date, but, given the scope of *Monell* discovery in other similar cases, it seems clear that Plaintiff and his counsel already have access to most of these materials. Accordingly, the Court finds that the City's argument carries the day here.

The parties are at loggerheads about two other provisions. The first is Paragraph 1(b), which protects employment and disciplinary files of individuals involved in this case. The second is Paragraph 2(c), which is a "claw-back" provision that would allow the City to designate as confidential documents initially produced without such a designation during the litigation. As to the first, these documents are routinely deemed confidential and the Court finds the reasoning in *Gomez v. City of Chicago* allowing such a designation persuasive, particularly because Plaintiff has a remedy to challenge the designation in the protective order. 2017 WL 5517254, at *3 (N.D. Ill. Nov. 17, 2017); *see also, Prince v. Kato*, 2019 WL 3554533, at *4. Therefore, the Court finds that the City's proposed language in Paragraph 1(b) is appropriate. Similarly, the Court will adopt the City's version Paragraph 2(c) with one addition. This provision seems designed to "claw back" confidential documents which are inadvertently produced by the City. As such, the language of the provision should reflect the Court's understanding by including the word "inadvertently" as the fourth word of the paragraph.

Accordingly, the Court Denies Plaintiff's Motion for Entry of a Protective Order [45] and will enter the City's proposed protective order in this case. The City is ordered to submit a clean copy of that order to the Court's proposed order inbox for signature.

**ENTERED: 2/11/2020**

_____

Hon. Susan E. Cox,
United States Magistrate Judge