IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RICARDO BOUTO, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No: 19-cv-2441 |
| ) | Judge Robert M. Dow, Jr. |
| ) | Magistrate Judge Susan E. Cox |
| REYNALDO GUEVARA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## AMENDED MEMORANDUM OPINION AND ORDER[1]

For the reasons discussed below, Defendant City of Chicago's (the "City") Motion to Bifurcate *Monell* Claims and to Stay *Monell* Discovery [83] is denied without prejudice. Status conference set for 2/25/20 at 9:30 a.m. In light of this ruling, the fact discovery deadline of 8/14/20 is hereby stricken, and the parties are ordered to submit a Joint Discovery Plan to this Court's proposed order inbox on or before 2/20/20 that outlines the fact discovery schedule in this matter.

## BACKGROUND

Plaintiff Ricardo Bouto brings this case pursuant to 42 U.S.C. § 1983, alleging that several Chicago Police Officers (the "Officer Defendants") framed him for murder in 1993, leading to his wrongful conviction and incarceration. [Dkt. 85 at 1.] Plaintiff contends that the Officer Defendants and former Cook County State's Attorney Kevin Hughes "participated in an elaborate, premeditated scheme to frame him by manipulating multiple eyewitnesses through improper identification procedures and ultimately fabricating a confession through a jailhouse informant." [Dkt. 83 at 1.] In addition to his claims against the Officer Defendants and Hughes, Plaintiff

---

[1] The Court issues this Amended Memorandum Opinion and Order to correct erroneous citations in the original. The substance of the Court's opinion remains the same.

alleges that the City's policies and practices led to his wrongful conviction; for example, Plaintiff asserts that "the City maintained a policy and practice of failing to discipline police officers such as Defendant Guevara, allowing them to operate with impunity," and "also had a practice of suppressing exculpatory information that was kept from criminal defendants and their attorneys." [Dkt. 85 at 1.]

The City filed the instant motion seeking to bifurcate the *Monell* claims against the City from the claims against the Hughes and the Officer Defendants pursuant to Federal Rule of Civil Procedure 42(b), and to stay all *Monell* discovery. That motion is fully briefed and ripe for disposition. For the reasons discussed more fully below, the Court denies the City's motion without prejudice.

## DISCUSSION

Rule 42(b) authorizes the Court to order a separate trial of one or more separate claims, "[f]or convenience, to avoid prejudice, or to expedite and economize." Because litigating a case in a piecemeal fashion is likely to cause delay, bifurcation is the exception and not the rule. *A.L. Hansen Mfg. Co. v. Bauer Products, Inc.*, 2004 WL 1125911, at *2 (N.D. Ill. May 18, 2004). The last ten years of bifurcation jurisprudence in the Seventh Circuit demonstrates that "[i]t is clear that the weight of authority holds that bifurcation is now heavily disfavored" in cases such as the instant suit. *Awalt v. Marketti*, 2012 WL 1161500, at *10 n.2 (N.D. Ill. Apr. 9, 2012) (collecting cases). In determining whether to bifurcate, the Court must first consider whether separating the claims would prevent prejudice to the moving party or promote judicial economy; only one of these criteria need be met. *Chlopek v. Fed. Ins. Co.*, 499 F.3d 692, 700 (7th Cir. 2007). If one of those conditions is met, the Court may order bifurcation, provided that doing so does not prejudice the non-moving party or violate the Seventh Amendment. *Id.*

2

This case is one of several similar cases currently being litigated in the Northern District of Illinois, alleging that Defendant Guevara and his colleagues in Area Five of the Chicago Police Department framed a number of individuals for crimes they did not commit. *See, e.g., Gomez v. Guervara*, 18-cv-3335; *Sierra v. Guevara*, 18-cv-3029; *Rodriguez v. Guevara*, 18-cv-7591; *Serrano v. Guevara*, 17-cv-2869; *Montanez v. Guevara*, 17-cv-4560. In fact, this Court has several of those cases on its docket for discovery management, and has already decided a motion to bifurcate *Monell* claims in a similar case. *See Rodriguez v. City of Chicago*, 2019 WL 4278501, 18-cv-7951, at *2 (N.D. Ill. Sept. 10, 2019); *aff'd Rodriguez v. City of Chicago*, 2019 WL 6877598 (N.D. Ill. Dec. 17, 2019) (Rowland, J.). Many of the arguments raised in the instant motion were raised in the bifurcation motion by the City in *Rodriguez*, and rejected by this Court.

The Court once again believes that the City has a valid argument that it might be prejudiced by trying the *Monell* claims and individual claims together, thereby causing jury confusion and a possibility that the jurors will punish the City for any findings it makes against the Officer Defendants. Nonetheless, the Court does not feel that the prejudice to the City is either acute or imminent, especially as it relates to *Monell* discovery (as opposed to trying the claims together to one jury). As the Court noted in *Rodriguez*, the burden of *Monell* production is lessened by the numerous similar cases that have required *Monell* discovery that is very likely to overlap with the *Monell* discovery in the instant matter.[2] As the Court stated in *Rodriguez:*

> This is not the first case in which this discovery has been produced. As noted, it is one of several cases alleging the same pattern and practice of fabricating incriminating evidence and hiding exonerating evidence against a similar group of Chicago Police Officers that is currently being litigated in several courts in the Northern District of Illinois. At least one of these cases, *Rivera*, has already been tried to a jury, and gone through *Monell* discovery. As

---

[2] Many of the points raised in City's brief regarding the *Monell* discovery are aimed at the breadth, scope, and potential burden of *Monell* discovery sought by Plaintiff. [*See* Dkt. 83 at 2-4.] Those arguments are more properly framed in a motion for protective order, and are not a valid reason to bifurcate or stay *Monell* discovery.

3

such, much of the discovery on *Monell* liability has already been done by the City at least once, and it will not need to expend significant time or resources to complete it. Any prejudice to the City that comes from trying the case jointly is outweighed by the prejudice to Plaintiff, as discussed below, and also because any prejudice can be cured either through limiting instructions during the trial or by bifurcating the case for trial at a later date.

2019 WL 4278501, at *2.

However, as noted above, finding that the City would be prejudiced by denying bifurcation only satisfies the first portion of the relevant test, and the Court must still consider whether bifurcation would prejudice the Plaintiff, or violate the Seventh Amendment.[3]

Because bifurcation is likely to prejudice the Plaintiff, the Court does not believe that it is appropriate to bifurcate the *Monell* claims at this time, or that the Court should stay *Monell* discovery. The City argues that Plaintiff will not suffer any prejudice from bifurcation because there is no additional monetary benefit to Plaintiff from winning on his *Monell* claims, if he prevails on his claims against the Officer Defendants. This argument was considered and rejected by the Court in *Rodriguez*:

> This argument presupposes that Plaintiff's only interest in this case is monetary. As another court in this district noted when ruling on a motion to bifurcate in one of the aforementioned companion cases, Plaintiff "has a profound interest in pursuing his claims with an eye toward institutional reform," and "a judgment naming the city itself and holding it responsible for its policies may have a greater deterrent effect than a judgment against a police officer that is paid by the city." *Gomez v. Guevara*, 18-cv-3335, (N.D. Ill. Apr. 8, 2019). The Court finds that delaying resolution of that goal by bifurcating and staying *Monell* discovery would prejudice Plaintiff more significantly than the City at this time.

2019 WL 4278501, at *2.

---

[3] The Court also does not believe that bifurcating *Monell* claims or discovery would serve the interests of judicial economy; the Court stands by the reasons articulated in its opinion in *Rodriguez*. *See Rodriguez*, 2019 WL 4278501, at *2 n.1.

The City further argues that Plaintiff's claims regarding the non-monetary benefits that he would derive from victory in his *Monell* claims are not persuasive because Plaintiff has not sought any equitable or injunctive relief. [Dkt. 83 at 11.] Again, this argument misunderstands the policy value in a finding that the City's policy and practices were constitutionally deficient, and the precedential value of such findings for other plaintiffs in future cases who might seek to hold the City liable for similar policies. If Plaintiff is successful in his *Monell* claims, it may spur institutional changes in the City's policies and procedures, which has significant interest to Plaintiff. Therefore, the Court rejects this argument as well.

Finally, the City argues that bifurcation is required because "it is not possible for a jury to find *Monell* liability against the City without first finding Defendant Officers liable because of the nature of the constitutional violations alleged." [Dkt. 83 at 5.] In the Seventh Circuit, "a municipality can be held liable under *Monell*, even when its officers are not, unless such a finding would create an inconsistent verdict." *Thomas v. Cook County Sheriff's Dept.*, 604 F.3d 293, 305 (7th Cir. 2009). This argument has been posited and rejected by other courts in this district in the other Area Five cases. For instance, in *Gomez*, the court reasoned:

> [W]ith respect to the evidence suppression allegations, the jury could presumably find that the Defendant Officers put the evidence in its proper place within the Chicago Police Department files, but that the City had no mechanism for guaranteeing that those files were turned over in the litigation process. This finding would not be contingent on the jury determining that the individual officers intentionally suppressed evidence. . . . Divergent findings between the Defendant Officers and the City are not necessarily inconsistent of one another. Therefore, Gomez's asserted *Monell* claim could still proceed independent of the Defendant Officers individual liability.

18-cv-3335, Dkt. 65 at 7 (N.D. Ill. Apr. 8, 2019).

The Court agrees with the reasoning articulated in *Gomez*, and does not believe that Plaintiff need necessarily prove that the Defendant Officers were individually liable for constitutional violations for Plaintiff to succeed on his *Monell* claims. Therefore, it rejects the City's argument on this issue as well.

Because the Court finds that bifurcation would prejudice the Plaintiff, and that such prejudice outweighs any potential prejudice to the City, the Court denies the Motion to Bifurcate *Monell* Claims and to Stay *Monell* Discovery [83]. However, that denial is without prejudice, and the Court believes that a renewed motion to bifurcate trial might be viable after the case progresses through discovery and any dispositive motions.

## CONCLUSION

For the reasons discussed above, Defendant City of Chicago's (the "City") Motion to Bifurcate *Monell* Claims and to Stay *Monell* Discovery [83] is denied without prejudice. Status conference set for 2/25/20 at 9:30 a.m. In light of this ruling, the fact discovery deadline of 8/14/20 is hereby stricken, and the parties are ordered to submit a Joint Discovery Plan to this Court's proposed order inbox on or before 2/20/20 that outlines the fact discovery schedule in this matter.

**ENTERED:**

Date: 2/27/2020

_____
U.S. Magistrate Judge, Susan E. Cox