IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| RICARDO BOUTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 19-cv-2441 |
| | ) | Judge John F. Kness |
| | ) | Magistrate Judge Susan E. Cox |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed below, Defendants Kevin Hughes and Cook County's ("Defendants") Motion to Compel Interrogatory Responses [127] is granted. Plaintiff is ordered to provide an updated response to Defendants' Interrogatories consistent with this opinion on or before August 21, 2020.

Plaintiff Ricardo Bouto brings this case pursuant to 42 U.S.C. § 1983, alleging that several Chicago Police Officers framed him for murder in 1993, leading to his wrongful conviction and incarceration. In addition to claims against the Chicago Police Officers, Plaintiff alleges that Defendant Hughes – a former Assistant State's Attorney – conspired with the Chicago Police Officers to frame Plaintiff "by coercing witnesses and fabricating evidence." (Dkt. 127 at 5.) On November 2, 2019, Defendants served their First Set of Interrogatories; Plaintiff filed a timely response to those interrogatories, but objected on the grounds that the interrogatories were "premature, overbroad, unduly burdensome, vague, and/or seek information that is irrelevant or protected by the attorney-client privilege and work product doctrine." (Dkt. 127 at 2.) The relevant parties then spent approximately six months (December 2019-May 2020) attempting to come to a resolution on the issues raised by Plaintiff's objections to the interrogatories. (Dkt. 127

1

at 3-4.) With some small variations, the interrogatories in question all follow a similar pattern – Defendants quote a factual allegation in Plaintiff's complaint, and then ask Plaintiff to state all facts he intends to rely upon to support the contention, identify all evidence known to Plaintiff as of the date of filing of his complaint that supports, refutes, or otherwise relates to the allegation, and identify all evidence known to Plaintiff after the filing of his complaint that supports, refutes, or otherwise relates to the allegation. (*See* Dkt. 127-1.)

During the meet and confer process, the parties were able to hone their dispute to whether Plaintiff was required to identify evidence known to Plaintiff as of the date he filed his complaint.[1] (Dkt. 127-6; Dkt. 140 at 6.) Defendants then filed the instant motion to compel Plaintiff's responses to the interrogatories. Plaintiff argues the motion should be denied because: 1) the interrogatories are not relevant because they only seek information relating to Federal Rule of Civil Procedure 11; 2) Defendants are not "entitled to obtain, by interrogatory, a sworn accounting from Plaintiff identifying the specific subset of evidentiary support that Plaintiff had at the time he filed his Complaint;" and 3) responding to the interrogatories would be unduly burdensome and impinge on the work product of Plaintiff's counsel. (Dkt. 127.) For the reasons discussed herein, the Court rejects those arguments and grants Defendants' motion to compel.

The first argument fails because the the evidence Defendants seek is not solely aimed at a Rule 11 motion, and it clearly meets the extremely broad standard for relevance. Although Defendants have mentioned that Rule 11 would require the allegations in Plaintiff's complaint to have evidentiary support, that is not the only purpose for which Defendants might use the

---

[1] Although Defendants' motion does not specifically disclaim the other subsections of the interrogatory, Defendants focus their arguments on pre-filing evidence, admitted their post-filing requests were premature contention interrogatories in the above-cited letter, and did not refute Plaintiff's claims that the pre-filing issues were the only remaining issues to be presented to the Court.

information they seek.² The relevance standard is extremely broad; Federal Rule of Civil Procedure 26 allows for discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," and Federal Rule of Evidence 401(a) states that evidence is relevant if "it has any tendency to make a fact more or less probable than it would be without the evidence." It seems undeniable to the Court that evidence known to Plaintiff at the time he filed his complaint that supports or refutes his factual allegations would have a tendency to make those facts more or less probable, and would, therefore, be relevant. In fact, this evidence would be the very basis of those factual claims, and presumably, the animating force that shaped the factual allegations Plaintiff has alleged and now seeks to prove. As such, that evidence is clearly relevant, and Plaintiff's argument to the contrary is rejected.

The Court is perplexed by Plaintiff's argument that Defendants are not "entitled to obtain, by interrogatory, a sworn accounting from Plaintiff identifying the specific subset of evidentiary support that Plaintiff had at the time he filed his Complaint." (Dkt. 127 at 12.) The entire purpose of interrogatories is to get opposing parties to identify a specific subset of evidentiary support for their claims and defenses. Federal Rule of Civil Procedure 33(a)(2) states that "[a]n interrogatory may relate to any matter that may be inquired into under Rule 26(b)." As noted above, the evidence being sought is plainly relevant and within the scope of Rule 26(b). The Court does not understand what alternative mechanism Plaintiff would have Defendants use to obtain this relevant information or why interrogatories would not be an acceptable way to do so. To the extent Plaintiff argues the temporal scope is inappropriate – *i.e.*, evidence known to Plaintiff at the time he filed his complaint is not discoverable – Plaintiff has not presented any argument (and the Court can

---

² The only suggestion that this is Defendants' sole reason for seeking the evidence at issue is a letter from Plaintiff's attorney. (Dkt. 127-5.) The Court need not weigh in on the veracity of this claim, and suspects it was matter of simple miscommunication or misunderstanding. Regardless, the discovery Defendants seek is relevant for purposes beyond Rule 11 and should be produced.

3

think of no reason) that the limited time period would make the evidence *per se* irrelevant or outside the scope of Rule 26(b). Because the evidence is relevant, it is discoverable, and may be requested via interrogatory; Plaintiff's argument is rejected.

Finally, the Court rejects Plaintiff's argument that the discovery would be unduly burdensome or necessarily impinge on attorney work product. The Court does not believe the discovery is unduly burdensome, as it seeks evidence from a limited time period. Although Plaintiff is correct that there will be some burden in separating evidence known at the time the complaint was filed from information Plaintiff gathered after the filing, the Court does not view that burden as especially high or in any way undue. The Court also does not find that the interrogatories will require divulging attorney work product. Presumably, Plaintiff will do a privilege review and withhold any information that contains attorney work product. However, that does not mean all of the evidence reviewed will be work product. For example, the deposition of the individual who allegedly implicated Defendants in the claimed conspiracy, which Plaintiff cited in his brief as evidence used to support the allegations in his complaint, would not be work product. Plaintiff has not persuaded the Court that responding to the interrogatories would be unduly burdensome or require disclosing attorney work product, and the Court rejects this argument as well.

For the reasons discussed above, Defendants' Motion to Compel Interrogatory Responses [127] is granted. Plaintiff is ordered to provide an updated response to Defendants' Interrogatories consistent with this opinion on or before August 21, 2020.

**ENTERED: 8/3/2020**

_____
U.S. Magistrate Judge, Susan E. Cox