**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RICARDO BOUTO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No: 19-cv-2441 |
| | ) | Judge John F. Kness |
| | ) | Magistrate Judge Susan E. Cox |
| REYNALDO GUEVARA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

For the reasons discussed below, Plaintiff's Motion to Compel Emails from Defendant City of Chicago [dkt. 201] is denied. The fact discovery deadline of April 9, 2021 remains set. The parties are ordered to file a joint status report on March 1, 2021 apprising the Court of the progress of fact discovery.

**BACKGROUND**

Plaintiff Ricardo Bouto brings this case pursuant to 42 U.S.C. § 1983, alleging that several Chicago Police Officers, including Defendants Reynaldo Guevara and Ernest Halvorsen, framed him for murder in 1993, leading to his wrongful conviction and incarceration. Specifically, Plaintiff alleges "defendants manipulated and manufactured false eyewitness identifications, suppressed and destroyed exculpatory evidence, and intentionally fabricated an inculpatory statement against Mr. Bouto by incentivized jailhouse accuser Francisco Vicente," and that they employed similar tactics against several other individuals who were subsequently exonerated. [Dkt. 201 at 6 (internal citations omitted).]

Plaintiff propounded Requests for Production ("RFP") and a proposed Electronically Stored Information ("ESI") protocol on Defendants; at issue in the instant motion is RFP 52, which

seeks: "[a]ll Communications between the Cook County State's Attorney's Office and/or its attorneys and agents, with any attorney(s) representing the City of Chicago, Reynaldo Guevara, Ernest Halvorsen, and/or Edward Mingey, regarding: Mr. Bouto, the Ruvalcaba Murder Investigation, Reynaldo Guevara or Ernest Halvorsen, any potential misconduct by or investigations into Guevara or Halvorsen, the investigation and/or report(s) of Scott Lassar,[1] or this litigation." [Dkt. 201-1.] The communications Plaintiff seeks are from 2010 to present. [Dkt. 201 at 7.] The parties have attempted to negotiate an agreeable discovery plan on this issue, limiting the communications sought to nine City custodians and 14 named CCSAO employees. [*See* Dkt. 214 at 1.] The parties could not reach agreement, and Plaintiff filed the instant motion to compel.

## DISCUSSION

This case is one of several brought in this district alleging that Guevara and Halvorsen violated the constitutional rights of individuals as described above. These parallel cases are often instructive to this Court, as the same issues tend to be litigated across the various suits. In one such case, the plaintiff issued a subpoena that sought a similar, albeit broader, set of documents from the Cook County State's Attorney's Office ("CCSAO"), including "[a]ll Communications between any agents or employees of the City of Chicago and any agents or employees of the Cook County State's Attorney's Office during the time periods of 2013 to the present and 2001 to 2013 that refer or relate to former Chicago Police officers Reynaldo Guevara, Ernest Halvorsen, Edward Mingey, Joseph Miedzianowski, and/or John Galligan[.]"[2] *De-Leon Reyes v. Guevara*, Case No. 18-cv-1028, 2020 WL 3050230, at *1 (N.D. Ill. June 8, 2020) (alterations in original). Defendants

---

[1] The Scott Lassar investigation is an internal investigation into allegations of wrongdoing by Guevara and Halvorsen performed by Sidley Austin LLP and commissioned by the City of Chicago.

[2] Plaintiffs in *Reyes* agreed to narrow the temporal scope to all communications from 2010 to the present, which is the same time frame as the instant motion. *See id.* at *6.

moved to quash the subpoena, and Judge Harjani construed the motion as a motion for protective order and granted the motion. *Id*. at *2. Judge Harjani held that communications between CCSAO agents and the City of Chicago relating to Guevara and Halvorsen from 2010 to present were not relevant. *Id*. at *10-11. In reaching this conclusion, Judge Harjani rejected plaintiff's arguments that the communications were relevant for purposes of Federal Rule of Evidence 404(b), *Monell* liability, proving motivation and bias on the part of the City of Chicago, and shedding light on the defendants decisions whether to invoke their Fifth Amendment right to remain silent. *Id*. Above all, Judge Harjani noted there was "a significant temporal problem" in seeking communications from 2010 to the present to prove allegations relating to misconduct from the 1990s, and that any such communications are very unlikely to contain relevant information. *Id*. at *10. Judge Harjani specifically rejected plaintiff's 404(b) and *Monell* arguments that such communications would show that the City had knowledge and/or notice of Guevara's and Halvorsen's wrongdoing, finding that "the CCSAO's communications with the City from 2010 to the present certainly do not have a tendency to make it more likely that the City was on notice of any 1998 misconduct." *Id*. Similarly, Judge Harjani rejected plaintiff's Fifth Amendment argument because plaintiff provided "no explanation for why the CCSAO and the City would be discussing the officers' invocation or non-invocation of the Fifth Amendment, nor why those discussions would be relevant to the case." *Id*. at *11.

Here, Plaintiff makes many of the same arguments considered and rejected in *Reyes*; namely, that the discovery is relevant for 404(b) purposes, *Monell* claims, and determining why certain individuals decided to invoke their Fifth Amendment rights against self-incrimination. While the Court recognizes that *Reyes* involved a third party subpoena seeking a broader range of materials than the instant discovery requests, the Court finds the reasoning articulated by Judge

3

Harjani applies with equal force to this case. Although "the burden of production on a nonparty…requires more careful consideration," "the relevance and proportionality limits in Rule 26 that guide the proper scope of discovery apply with equal force to nonparty discovery under Rule 45." *Id.* at *3, 6 (citations omitted). Because Judge Harjani's ruling in *Reyes* was based on issues of relevance and scope under Rule 26, the reasoning applies to the document requests at issue in this instant motion.

The narrower scope of the requests in this case also does not materially distinguish this case from *Reyes*, as the relevant subcategory of documents (*i.e.*, communications between the CCSAO and the City regarding Guevara and Halvorsen) was broken out, analyzed separately, and deemed irrelevant by Judge Harjani. The Court rejects Plaintiff's argument that the documents he seeks are relevant for purposes of 404(b), *Monell* liability, or Defendants' invocation of their Fifth Amendment rights.[3] Moreover, the Court also agrees with Judge Harjani's conclusion that these requests pose "a significant temporal problem." *See Reyes,* 2020 WL 3050230, at *11. The Court is unclear how communications from 2010 to present between the CCSAO and the City are likely to lead to relevant information in a case with underlying facts that occurred almost 30 years ago. Nor does the Court believe that Plaintiff's narrowing of the communications to nine City custodians and 14 CCSAO employees meaningfully distinguishes this case from *Reyes*. The relevant portion of Judge Harjani's decision in that case (*i.e.*, the portion regarding communications between the City and CCSAO involving Guevara and Halvorsen) was not based on a concern that that requests were overly broad or unduly burdensome, but that the communications sought were not likely to lead to relevant information. *See Reyes,* 2020 WL

---

[3] Additionally, as in *Reyes*, the City has waived attorney-client and work product privileges over the memoranda completed in the Lassar investigation. The Court agrees with Judge Harjani's assessment that "[t]he City's documents regarding Lassar's investigation and findings…are the documents relevant to the case, not the CCSAO's communications to the City from the last ten years." *Reyes*, 2020 WL 3050230, at *10.

4

3050230, at *10-11. As such, the narrowing of the custodians does nothing to address the concerns articulated in *Reyes* regarding the fundamental problem that the communications sought are not relevant to the claims in the suit, and does not separate *Reyes* from the case at bar.

There are several new arguments Plaintiff raises in this motion that were not addressed in *Reyes,* but which do not persuade the Court to compel production of the communications. First, Plaintiff argues the communications he seeks are relevant because they are party admissions under Federal Rule of Evidence 801. [Dkt. 201 at 10-11]. The Court disagrees. Whether a communication is a party-opponent admission under Rule 801 concerns its admissibility as non-hearsay, but does not have any bearing on whether the communication is relevant. The problem for Plaintiff is that the discovery requests are unlikely to lead to relevant information because of the temporal distance between the communications Plaintiff seeks and occurrences that form the basis of Plaintiff's claims; the fact that they may be party-opponent admissions does not convert otherwise irrelevant information into relevant information. The Court rejects this argument. Next, Plaintiff asserts the communications are relevant to rebut Defendants' discovery responses. The discovery responses Plaintiff seeks to rebut primarily concern the City's knowledge and/or notice of the misconduct by Halvorsen and Guevara. As such, this contention simply repackages Plaintiff's claims elsewhere that the communications are likely to lead to relevant information regarding notice, which was rejected in *Reyes* and by this Court above. Ultimately, the Court does not find that Plaintiff's motion articulates any viable reasons why the communications he seeks are likely to contain relevant information, and the Court denies his motion.

## CONCLUSION

For the reasons discussed herein, Plaintiff's Motion to Compel Emails from Defendant City of Chicago [dkt. 201] is denied. The fact discovery deadline of April 9, 2021 remains set. The

5

parties are ordered to file a joint status report on March 1, 2021 apprising the Court of the progress of fact discovery.

ENTERED: January 14, 2021

_____
U.S. Magistrate Judge
Susan E. Cox