**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT BOUTO,<br><br>Plaintiff,<br><br>v.<br><br>GUEVARA, et al.,<br><br>Defendants. | ) | Case No. 19-cv-2441<br><br>District Judge John F. Kness |

**PLAINTIFF'S MOTION FOR RECONSIDERATION OF PORTION OF COURT'S MOTION TO DISMISS ORDER**

**INTRODUCTION**

Plaintiff Robert Bouto, by his attorneys, respectfully seeks this Court's reconsideration of one discrete ruling in the Court's motion to dismiss order, in which this Court dismissed Plaintiff's Fourth Amendment deprivation of liberty claim in Count IV as untimely. Dkt. 386 at Page ID 10294-25. This Court's ruling misunderstood the nature of Plaintiff's Fourth Amendment claim in Count IV, contradicts controlling Supreme Court and Seventh Circuit authority, relied on inapposite caselaw, and reached a result that was manifestly in error. Indeed, another decision by this Court released the same day reflects the correct analysis of the timeliness of Plaintiff's claim. *Prince v. Village of Romeoville Police Officer Garcia, et al.*, No. 22-CV-05703, 2024 WL 4368130, at *6 (N.D. Ill. Sept. 30, 2024) (Kness, J.). For these reasons, as argued below, this Court should reconsider the discrete portion of its order dismissing Count IV as untimely.

## STATEMENT OF FACTS

Plaintiff filed his third amended complaint in September 2021, asserting a Section 1983 claim in Count IV pursuant to the Fourth Amendment. Dkt. 256 at 7093-95. Shortly thereafter, the City Defendants moved to dismiss Count IV of Plaintiff's complaint on timeliness grounds, only against Defendants Maher and Marron, conceding that Plaintiff's claim was timely as to the remaining officer Defendants. Dkt. 270 at Page ID 7295-96. Mr. Bouto responded in December 2021 (Dkt. 285). In October 2024, this Court entered a Memorandum Opinion and Order adjudicating the motions to dismiss, granting them in part and denying them in part. *See* Dkts. 385 & 386. In this motion, Plaintiff seeks reconsideration of one limited ruling in the Court's order: its holding that Plaintiff's Fourth Amendment wrongful detention claim in Count IV is untimely. Dkt. 386 at Page ID 10294-25.

## MOTION FOR RECONSIDERATION STANDARD

Federal Rule 54(b) allows a court to revise an order at any time before the entry of judgment where the order adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties. Fed. R. Civ. P. 54(b). Motions for reconsideration are appropriate to "correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Indust., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996), *quoting Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665 (N.D. Ill. 1982).

## DISCUSSION

### I. This Court should reconsider its order dismissing Plaintiff's Fourth Amendment wrongful detention claim in Count IV as untimely.

This Court ruled that Plaintiff was too late in bringing his Fourth Amendment claim in Count IV against any Defendant Officers, even though only Defendant Officers Maher and Marron had sought dismissal on this basis. *See* Dkt. 386 at Page ID 10294-95; Dkt. 270 at Page

ID 7295-96. In so holding, the Court relied on *Marshall v. Elgin Police Dep't & Detective Houghton*, 2023 WL 4102997 (7th Cir. June 21, 2023)), for the rule that such claims "accrue[] when the detention ceases." Dkt. 386 at Page ID 10294 (citing, e.g., *Marshall*, 2023 WL 4102997, at *2).

Yet in so reasoning, the Court misunderstood Plaintiff's claim in Count IV, committing a manifest error. Plaintiff's Fourth Amendment deprivation of liberty claim in Count IV is not a claim sounding in false arrest or illegal search, but rather a Fourth Amendment claim sounding in malicious prosecution, in which Plaintiff alleges that "Defendants accused Plaintiff of criminal activity and exerted influence to initiate, continue, and perpetuate judicial proceedings against Plaintiff without any probable cause for doing so," including through "false allegations and fabricated evidence." Third Am. Compl., Dkt. 256 at ¶¶397-99; *see, e.g.*, *Savory v. Cannon*, 947 F.3d 409, 417-18 (7th Cir. 2020) (en banc). Plaintiff's federal claim in Count IV attacks the integrity of the investigation that caused his ongoing prosecution and pretrial detention, based on Defendants' suppression of evidence, fabrication of false evidence, malicious prosecution, and conspiracy to frame him. Under a wealth of controlling caselaw, such a claim is timely both because it accrues upon favorable termination of the criminal charges, and also because it is subject to deferred accrual pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and thus reconsideration is warranted.

When a Section 1983 Fourth Amendment claim sounds in malicious prosecution, such as Plaintiff's Count IV, that claim does not accrue until favorable termination. This Court has itself so recognized recently, explaining:

> Until recently, the Seventh Circuit consistently held that claims for malicious prosecution exist only under state law, not the federal constitution. *See, e.g.*, *Camm v. Faith*, 937 F.3d 1096, 1105 (7th Cir. 2019); *Anderson v. City of Rockford*, 932 F.3d 494, 512 (7th Cir. 2019); *see also Savory v. Cannon*, 532 F. Supp. 3d 628, 637 (N.D. Ill. 2021). But the

> Supreme Court, in a recent decision concerning *when* Fourth Amendment claims for malicious prosecution accrue, explicitly recognized their existence. *See Thompson v. Clark*, 596 U.S. 36, 44 (2022) ("[A] Fourth Amendment claim under § 1983 for malicious prosecution requires the plaintiff to show a favorable termination of the underlying criminal case against him"); *see also Smith v. City of Chicago*, 2022 WL 2752603, at *1 (7th Cir. July 14, 2022) ("After *Thompson*, a Fourth Amendment claim for malicious prosecution accrues when the underlying criminal prosecution is terminated without a conviction."); *In re Watts*, 2022 WL 9468206, at *15 (N.D. Ill. Oct. 14, 2022) ("*Thompson* overruled Seventh Circuit precedent that there was no cognizable claim for malicious prosecution under the Fourth Amendment.").
>
> In the light of *Thompson*, the Seventh Circuit in *Smith* found that a Fourth Amendment malicious prosecution claim accrues when the underlying prosecution is terminated. 2022 WL 2752603, at *1. Plaintiff's claim for malicious prosecution grounded in the Fourth Amendment is a federal claim not barred by the applicable statute of limitations, as fewer than two years passed between the end of Plaintiff's prosecution and the filing of the complaint. Accordingly, the motion to dismiss Count IX is denied without prejudice.

*Prince v. Village of Romeoville Police Officer Garcia, et al.*, No. 22-CV-05703, 2024 WL 4368130, at *6 (N.D. Ill. Sept. 30, 2024).

In *McDonough v. Smith*, the Supreme Court clarified that such Fourth Amendment post-process deprivation of liberty claims do not accrue until favorable termination of the criminal proceedings. 139 S. Ct. 2158-60 (2019) ("*Heck* explains why favorable termination is both relevant and required for a claim analogous to malicious prosecution that would impugn a conviction, and that rationale extends to an ongoing prosecution as well: The alternative would impermissibly risk parallel litigation and conflicting judgments."). Likewise, in *Savory v. Cannon*, the Seventh Circuit, sitting en banc, held that the plaintiff's Fourth Amendment malicious prosecution claim accrued upon favorable termination—in that case, his receipt of a pardon, not upon his release or the commutation of his sentence. 947 F.3d 409, 412, 417-18 (7th Cir. 2020) (en banc) ("When a section 1983 claim resembles the common-law tort of malicious prosecution, the Court treats favorable termination as an element of the claim.") (citing *McDonough*, 139 S. Ct. at 2156-57; *Heck*, 512 U.S. at 484). These precedents foreclose the

Court's reasoning that Mr. Bouto's claim could have accrued upon the end of his pretrial detention—long before favorable termination of the charges against him.

Controlling law further establishes that Plaintiff's Fourth Amendment deprivation of liberty claim sounding in malicious prosecution is timely because it is subject to deferred accrual. Pursuant to *Heck*, claims such as Plaintiff's that imply the invalidity of an outstanding criminal prosecution or conviction do not accrue until favorable termination of the prosecution or conviction. *Heck*, 512 U.S. at 486-87; *McDonough*, 139 S. Ct. at 2158-60. In *Heck*, the Supreme Court held that where a plaintiff asserts constitutional claims against officers for misconduct during a criminal investigation such as destroying exculpatory evidence, the claims do not accrue until the plaintiff's conviction has been invalidated, imposing an accrual rule that "applies whenever 'a judgment in favor of the plaintiff would necessarily imply' that his prior conviction or sentence was invalid." 512 U.S. at 479, 486-87. The *Heck* ruling rested on the importance of avoiding parallel litigation on the issue of guilt in the state and federal courts, precluding the possibility of conflicting judgments arising out of the same transaction, preventing collateral attacks on state convictions through civil suits, and promoting comity, finality and consistency. *Id.* at 485-86.

The Supreme Court reaffirmed and extended *Heck* in *McDonough*, concluding that its accrual rule also applies to claims that imply the invalidity of an ongoing criminal *prosecution* rather than just a conviction. *McDonough*, 139 S. Ct. at 2158; *id.* at 2160 ("*Heck* explains why favorable termination is both relevant and required for a claim . . . that would impugn a conviction," and that same "rationale extends to an ongoing prosecution as well."). Where a claim challenges a state criminal proceeding, "[o]nly once the criminal proceeding has ended in

the defendant's favor, or a resulting conviction has been invalidated within the meaning of *Heck* will the statute of limitations begin to run." *Id.* at 2158 (citing *Heck*, 512 U.S. at 486-87).

Three years later, in *Thompson v. Clark*, 596 U.S. 36 (2022), the Supreme Court once again subjected a non-custodial plaintiff to the *Heck* bar. The prosecutor had dismissed all charges against Thompson, so he was not in custody. *Id.* at 39. But the plaintiff still had to show favorable termination before his claim accrued. *Id.* at 44. The Supreme Court has repeatedly made clear that the favorable-termination element applies to such Fourth Amendment claims regardless of whether the § 1983 claimant was, is, or never could be in custody.

A wealth of decisions have applied these authorities to find that claims as Plaintiff's Count IV accrue upon favorable termination and are *Heck*-barred until favorable termination. *See, e.g.*, *Prince*, 2024 WL 4368130, at *6 (a "Fourth Amendment malicious prosecution claim accrues when the underlying prosecution is terminated."); *Hill v. Cook Cnty.*, 463 F. Supp. 3d 820, 837-39 (N.D. Ill. 2020) (rejecting the argument that "the clock started ticking when Hill's pretrial detention ended (and his post-trial custody began)" and holding instead that "Hill's unlawful detention claim didn't accrue until the Circuit Court of Cook County dismissed the indictment in December 2017"); *Heidelberg v. Manias*, 503 F. Supp. 3d 758, 777-78 (C.D. Ill. 2020) ("Plaintiff's wrongful detention claim accrued when Heidelberg's conviction was vacated."); *Camm v. Clemons*, 546 F. Supp. 3d 771, 781 (S.D. Ind. 2021) ("Camm's Fourth Amendment claim for wrongful detention necessarily implies the invalidity of his conviction, so his claim accrued when he obtained a favorable termination of the underlying criminal proceedings against him. This follows the direction from the Supreme Court in *McDonough* and *Heck* and is consistent with the Seventh Circuit's recent decision in *Savory*."); *see also Bell v. Raoul*, 88 F.4th 1231, 1233 (7th Cir. 2023) ("The *Heck* bar applies after a detainee's release until

the judgment that caused the detention is invalidated.").

Here, Plaintiff's Fourth Amendment claim in Count IV sounds in malicious prosecution and attacks the integrity of the investigation based on Defendants' suppression of evidence, fabrication of false evidence, malicious prosecution, and conspiracy to frame him, and thus did not accrue until favorable termination. Indeed, the Court's analysis regarding the timeliness of Plaintiff's intentional infliction of emotional distress claim, applying *Heck* to that claim, so recognizes. Dkt. 386 at Page ID 10299-301. This Court's contrary accrual analysis for Plaintiff's Fourth Amendment claim not only conflicts with controlling authority, but also raises all the same practical concerns in *Heck* and *McDonough* that compelled the Supreme Court to impose the favorable termination requirement in the first place, and thus further contravenes their reasoning. *See McDonough*, 139 S. Ct. at 2155, 2157.

In holding otherwise, this Court relied on a decision addressing a categorically different species of Fourth Amendment claim. *See* Dkt. 386 at Page ID 10294 (citing *Marshall v. Elgin Police Dep't & Detective Houghton*, 2023 WL 4102997, at *2 (7th Cir. June 21, 2023)). Yet *Marshall* addressed a claim that arose and accrued both independently of, and before the filing of, any charges, and thus was not subject to *Heck*. *See id.* at *1 (claim arose from a false arrest in which the plaintiff alleged, for example, that he was targeted because of his race and police failed to inform him of his constitutional rights at the time of arrest). The Fourth Amendment claim in *Marshall* did not sound in malicious prosecution, but rather sounded in false arrest, false imprisonment, or illegal search—an express carve-out from *Heck*'s accrual rule. *See Heck*, 512 U.S. at 487 n.7.

Indeed, in *Wallace v. Kato*, the Supreme Court addressed the point of accrual for a Fourth Amendment claim challenging an unlawful arrest in the absence of any legal process. 549 U.S.

384, 388-89 (2007). This claim was deemed most analogous to the common law tort of false imprisonment because it concerned "detention without legal process." *Id.* at 389. And because the claim challenged a false arrest without any knowledge of whether criminal proceedings would follow, the claim could not possibly impugn the validity of any such hypothetical proceedings. *Id.* at 393. The Court therefore concluded that *Heck's* deferred accrual rule did not apply to Fourth Amendment claims for false arrest in the absence of legal process. *Id.* at 393-94.

The Supreme Court's decision in *McDonough* confirms the limited scope of the *Wallace* line of cases:

> A false-arrest claim, *Wallace* explained, has a life independent of an ongoing trial or putative conviction—it attacks the arrest only to the extent it was without legal process, even if legal process later commences. . . . By contrast, a claim [that] centers on evidence used to secure an indictment . . . directly challenges—and thus necessarily threatens to impugn—the prosecution itself.

139 S. Ct. at 2159. While the former will accrue with the initiation of legal process, the latter will not accrue until favorable termination of the prosecution. *Id.* at 2159-60. This Court's overextension of *Marshall* to cover Mr. Bouto's materially different species of Fourth Amendment claim in Count IV was clearly erroneous.

In dismissing Mr. Bouto's Count IV as untimely, this Court also relied on *Lewis v. City of Chicago*. *See* Dkt. 386 at Page ID 10294 (citing *Lewis*, 914 F.3d 472, 476-78 (7th Cir. 2019)). Yet *Lewis* is inapposite. *See* Dkt. 285 at Page ID 7615. In that case, a plaintiff brought a Fourth Amendment claim shortly after the simultaneous occurrence of the dismissal of charges against him and his release from jail. 914 F.3d at 475. The plaintiff in *Lewis* never stood trial, nor was he convicted of the crime. *See id.* Adjudicating the timeliness of his Fourth Amendment claim, the Seventh Circuit rejected the argument that the claim had accrued earlier, upon arrest or institution of charges, and held it timely because it was brought within two years of the dismissal

of charges and simultaneous release from jail, applying *Heck*. *Id.* at 478. *Lewis* not only reaffirms the applicability of *Heck*'s favorable termination rule, but it also had no occasion to consider the materially different question here of when a Fourth Amendment would accrue when a plaintiff was not released pre-trial, such that he achieved favorable termination of the charges pre-trial, but was rather convicted, with a detention that converted from pre-trial detention to post-trial detention pursuant to an intact conviction

*Lewis* must also be read in light of controlling authority. This includes *Heck* itself, which states that, for purposes of the accrual date for *Heck*-deferred claims, the dispositive question is whether the prosecution and/or conviction is "outstanding." *Heck*, 512 U.S. at 487. *Lewis* must also be read in light of the subsequent *en banc* decision in *Savory*, in which the Seventh Circuit made clear that it was not release from pretrial detention, but rather favorable termination of the prosecution and/or conviction, that controlled. 947 F.3d 409, 412, 417-18 (7th Cir. 2020). *Manuel v. City of Joliet ("Manuel II")*, 903 F.3d 667, 670 (7th Cir. 2018), and its progeny also make clear that it is the release from any detention—not just pretrial detention—that bears on whether favorable termination has been achieved for purposes of the accrual of a Fourth Amendment pretrial detention claim. *E.g., Roldan v. Town of Cicero*, No. 17-CV-3707, 2019 WL 1382101, at *3 (N.D. Ill. Mar. 27, 2019); *Taylor v. City of Chicago*, No. 14 C 737, 2019 WL 4597383, at *16 (N.D. Ill. Sept. 23, 2019). Finally, as the *Lewis* Court expressly anticipated (*see* 914 F.3d at 478 n.2), *Lewis* must be read in light of the Supreme Court's subsequent controlling analysis in *McDonough*, in which the plaintiff filed suit outside of custody—three years after acquittal—and was not even in custody before or during his trial, and yet the Court applied the favorable termination rule. *See Lewis*, 914 F.3d at 478 n.2; *McDonough*, 139 S. Ct. at 2158.

## CONCLUSION

For these reasons, this Court should reconsider the portion of its motion to dismiss order that dismisses Mr. Bouto's Count IV as untimely, as that discrete ruling misconstrued Plaintiff's claim and was manifestly erroneous in fact and law.

**DATED: October 15, 2024**

RESPECTFULLY SUBMITTED,

By: /s/ Ruth Brown
*One of Plaintiff's Attorneys*

Arthur Loevy
Jon Loevy
Russell Ainsworth
Debra Loevy
Ruth Brown
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, Illinois 60607
(312) 243-5900

**CERTIFICATE OF SERVICE**

I, Ruth Brown, an attorney, hereby certify that October 15, 2024, I caused the foregoing PLAINTIFF'S MOTION FOR RECONSIDERATION to be filed using the Court's CM/ECF system, which effected service on all counsel of record.

/s/ Ruth Brown
*One of Plaintiff's Attorneys*